STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0129

NANCY JOAN HAYS AND
WILLIAM ROBERT HAYS, SR.

VERSUS

H2COW PROPERTIES LLC,
D/B/A WALK-ONS RESTAURANT

Judgment Rendered: ___**SEP 15 2023**___

* * * * *

On Appeal from the
23rd Judicial District Court
Parish of Ascension, State of Louisiana
Trial Court No. 130843

The Honorable Steven Tureau, Judge Presiding

* * * * *

Jill L. Craft                       Attorneys for Plaintiffs-Appellants,
W. Brett Conrad, Jr.                Nancy Joan Hays and
Baton Rouge, Louisiana              William Robert Hays, Sr.

Curt L. Rome                        Attorneys for Defendant-Appellant,
W. Trevor Smith                     DBMC Restaurants of Gonzales,
New Orleans, Louisiana              Louisiana, LLC (Walk-On's)

* * * * *

BEFORE: WELCH, PENZATO, AND WOLFE, JJ.

**WOLFE, J.**

In this personal injury action, the trial court granted the defendant's motion to limit the testimony of plaintiffs' expert and further found that the defendant was entitled to summary judgment and dismissed plaintiffs' claims. For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Nancy Hays, was injured on the night of December 9, 2020, when she fell while leaving the Walk-On's restaurant in Gonzales, Louisiana. Mrs. Hays and her husband, William Hays, had been inside Walk-On's for less than an hour that evening, attending a family celebration. It was dark outside when they exited the restaurant. Mr. and Mrs. Hays were talking as they walked down the handicap ramp to access the parking lot and their vehicle. When Mr. and Mrs. Hays reached the area at the base of the ramp, they both thought they were in the parking lot but, in reality, they were actually still on the sidewalk and had about eight more steps to reach the parking lot. Mr. Hays followed Mrs. Hays as they continued to walk toward their vehicle. Mrs. Hays fell forward into the parking lot when her foot missed the curb. Mrs. Hays knew she was badly injured because she immediately felt pain in her right shoulder and left wrist as she lay in the parking lot. Mr. and Mrs. Hays described the curb as "standard" with no paint or other markings, and they both described the area around the curb as "dark." Because they needed light to assess Mrs. Hays's injuries, a bystander pulled his truck close by to block cars and to shine headlights in the area while Mrs. Hays was on the ground. A Walk-On's manager, Megan Seneca, documented Mrs. Hays's fall and filed an incident report. Mrs. Hays was helped to her vehicle and ultimately underwent surgery on December 17, 2020, to repair her fractured shoulder.

On February 22, 2021, Mr. and Mrs. Hays filed a petition for damages against the owner of the Walk-On's restaurant, DBMC Restaurants of Gonzales, Louisiana,

2

LLC (hereafter referred to as "Walk-On's").[1] Mr. and Mrs. Hays asserted, among other things, that they sustained personal injuries due to an unreasonably dangerous area at the base of the handicap ramp, curb, and parking lot at Walk-On's, because the curb was unmarked and the area lacked adequate exterior lighting/illumination. Walk-On's filed an answer, generally denying the allegations of the petition. After discovery took place and experts were retained, Walk-On's filed a motion for summary judgment on August 31, 2022. Walk-On's also filed two evidentiary motions – a motion to exclude or limit the testimony of Mr. and Mrs. Hays's expert, Philip Beard, and a motion *in limine* to limit evidence of other claims against Walk-On's. Mr. and Mrs. Hays opposed all of the motions.

In support of its motion for summary judgment, Walk-On's submitted the deposition testimony of Mr. and Mrs. Hays, their daughter, Karen Braud, the human resource manager for Walk-On's, Jason Vidaurre, and the service manager for Walk-On's, Megan Seneca. Walk-On's also submitted an affidavit and report by its expert engineer, Kevin Vanderbrook. Walk-On's relied on all of the submitted evidence to show that there was adequate exterior lighting in the area where Mrs. Hays fell and there were no defects in the curb or sidewalk or parking lot area. Walk-On's maintains that Mrs. Hays simply stepped off the open and obvious curb and fell because she was looking straight ahead as she walked instead of where she was stepping. In opposition, Mr. and Mrs. Hays submitted the same depositions and the affidavit and report of their expert engineer, Philip Beard. Mr. and Mrs. Hays argued that there are genuine issues of material fact concerning the adequacy of exterior lighting and the lack of safety markings between the curb and parking lot in the area at the base of the handicap ramp.

---

[1] Mr. and Mrs. Hays originally named H2COW Properties, LLC d/b/a Walk-On's Restaurant, as the defendant, but in a supplemental, amending, and restated petition, they substituted the correct party, DBMC Restaurants of Gonzales, Louisiana, LLC, as the defendant.

The trial court scheduled the hearing on Walk-On's motion for summary judgment on the same day, October 24, 2022, as the hearing for Walk-On's evidentiary motions to exclude/limit expert testimony and to exclude evidence of other trip and fall claims at Walk-On's. The trial court granted the evidentiary motions in part and granted summary judgment in favor of Walk-On's, dismissing Mr. and Mrs. Hays's claims against Walk-On's after determining that Walk-On's parking lot/curb area did not constitute an unreasonably dangerous condition. The trial court signed three separate judgments. The summary judgment dismissing the lawsuit was signed on November 14, 2022. The two interlocutory judgments granting the evidentiary motions in part were signed on November 21, 2022. Mr. and Mrs. Hays appealed the November 14, 2022 judgment granting summary judgment in favor of Walk-On's and dismissing their claims.

## ASSIGNMENTS OF ERROR

Mr. and Mrs. Hays assign trial court error as follows: (1) a risk-utility analysis should have been used by the trial court, which would have revealed genuine issues of material fact regarding an unreasonably dangerous condition due to Walk-On's lack of lighting, placement of the handicap ramp, and lack of a curb cut/markings; (2) the trial court failed to consider the evidence in the light most favorable to Mr. and Mrs. Hays, especially since the two experts disagreed; and (3) the trial court erred in limiting Mr. and Mrs. Hays's expert's opinion about the handicap ramp area.

## SUMMARY JUDGMENT

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action ... and shall be construed to accomplish these ends." La. Code Civ. P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. **Short v. RaceTrac Petroleum, Inc.,**

4

2022-0859 (La. App. 1st Cir. 2/24/23), 361 So.3d 1051, 1058, writ denied, 2023-00535 (La. 6/7/23), 361 So.3d 973.

The initial burden of proof is on the mover. If the mover will not bear the burden of proof at trial, the mover's burden does not require him to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). If the non-moving party fails to produce sufficient factual support in its opposition that proves the existence of a genuine issue of material fact, Article 966(D)(1) mandates the granting of the motion for summary judgment.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. **Short**, 361 So.3d at 1059. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Id.**

## LAW AND ANALYSIS

The Louisiana Supreme Court outlined the law on premises liability in **Farrell v. Circle K Stores, Inc.**, 2022-00849 (La. 3/17/23), 359 So.3d 467, 473, a case involving a slip and fall in a parking lot. We find **Farrell** to be controlling in this case. Utilizing a duty/risk analysis to determine whether liability exists, the supreme court stated:

> Under the duty/risk analysis, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the

5

plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element). If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable.

**Farrell**, 359 So.3d at 473 (citations omitted). Thus, in order to prevail on Walk-On's motion for summary judgment, Walk-On's is required to show an absence of factual support for any of the elements of Mr. and Mrs. Hays's cause of action.

We begin the analysis by determining the existence of a duty, which is a question of law. **Farrell**, 359 So.3d at 473. The inquiry in this case is whether Mr. and Mrs. Hays have any law to support their claim that Walk-On's owed them a duty. The sources of the duty in premises liability cases are found in La. Civ. Code arts. 2315, 2316, 2317, and 2317.1, and in merchant liability cases, the duty is outlined in La. R.S. 9:2800.6(A). The general rule is that the owner or custodian of property has a duty to keep the premises in a reasonably safe condition. The owner or custodian must discover any unreasonably dangerous condition on the premises, and either correct the condition or warn potential victims of its existence. **Id**. at 473-474. Following **Farrell**, we find that Walk-On's owed such a duty to Mr. and Mrs. Hays.

Whether there was a breach of the duty owed is a question of fact or a mixed question of law and fact. **Farrell**, 359 So.3d at 474. To make this determination, we must apply a risk/utility balancing test and consider four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and, (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. **Id**. In this case, the alleged defect is that the area where Mrs. Hays fell was poorly illuminated, and the curb was unmarked so that it was difficult to see where the sidewalk ended and the parking lot began. Obviously, Walk-On's would not have intended the area between

6

the sidewalk, curb, and parking lot to be dangerous to its customers. The utility of a paved sidewalk and parking lot is apparent, and the outside lighting is particularly useful and necessary for customers traversing the area at night.

The likelihood and magnitude of the harm, including whether the complained-of condition was obvious and apparent, is where the analysis becomes problematic in this case. The record reveals a dispute in the evidence, which we have determined makes summary judgment inappropriate at this time. Walk-On's relies on the existing exterior lighting as sufficient for any person paying attention to where they are stepping to see the curb between the sidewalk and the parking lot. Mr. and Mrs. Hays maintain that it was too dark to see where the unpainted curb/parking lot was located, as they both testified in their depositions they did not realize that, when they were at the end of the handicap ramp area, they were still on the sidewalk instead of in the parking lot. Similarly, a factual dispute is found in the affidavits of the two experts. Walk-On's expert attested to the lack of defects in the curb and sidewalk area and the "functional" lighting, which was reasonable for anyone paying attention to where they were walking. Conversely, Mr. and Mrs. Hays's expert stated that the low-level lighting in the area and inadequate curb-edge painting rendered the unobserved curb unreasonably dangerous and hazardous.

In **Farrell**, 359 So.3d at 478, the supreme court clarified that for "a hazard to be considered open and obvious, it must be one that is open and obvious to all who may encounter it. The open and obvious concept asks whether the complained of condition would be apparent to any reasonable person who might encounter it." Furthermore, while a plaintiff's knowledge is appropriate for assessing fault and potential comparative fault, it is not appropriate for summary judgment proceedings. **Id**. In our review, we find that Mr. and Mrs. Hays presented sufficient factual evidence in their opposition to raise a genuine issue of material fact concerning the adequacy of the lighting and markings in the sidewalk/curb area where Mrs. Hays

7

fell. The question is not whether Mr. and Mrs. Hays are likely to prevail on the factual issues at trial, but simply whether there are genuine issues of material fact for trial.

Given our ruling, we pretermit any further discussion of the remaining elements in Mr. and Mrs. Hays's cause of action, as well as the interlocutory evidentiary rulings, which may be altered by the trial court at its discretion and on its own motion at any time prior to rendition of a final judgment. See **VaSalle v. Wal-Mart Stores, Inc.**, 2001-0462 (La. 11/28/01), 801 So.2d 331, 334-335. Summary judgment on the issue of whether or not an unreasonably dangerous condition existed is not warranted in this case, since it requires credibility determinations, evaluations of testimony for truth, and the weighing of conflicting evidence. A trial on the merits is necessary. For this reason, we find the trial court erred in granting summary judgment in favor of Walk-On's.

## DECREE

For the assigned reasons, we reverse the November 14, 2022 judgment granting summary judgment in favor of Walk-On's owner, DBMC Restaurants of Gonzales, Louisiana, LLC, and dismissing the personal injury claims of Nancy Joan Hays and William Robert Hays, Sr. We remand the case to the trial court for further proceedings consistent with this decision. All costs of this appeal are assessed to DBMC Restaurants of Gonzales, Louisiana, LLC.

**REVERSED AND REMANDED.**

8